IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. <br>     WILLIAM T. SHERROD, JR., | ) <br> ) <br> ) | |
|     Petitioner, | ) | No. 10 CV 1973 |
| v. | ) <br> ) | Judge Robert W. Gettleman |
| NEDRA CHANDLER, <br>     Warden, Dixon Correctional Center, | ) <br> ) <br> ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner William T. Sherrod, Jr., an inmate incarcerated at Dixon Correctional Center, has filed a reinstated pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has also filed pro se motions requesting an oral hearing, Fed. R. Civ. P. 11 sanctions, a directed verdict pursuant to Fed. R. Civ. P. 50(a), injunctive relief pursuant to Fed. R. Civ. P. 65 (and a motion to supplement that motion), and exhibits attached to respondent's answer. For the following reasons, the court denies the petition and denies as moot petitioner's pending motions.

## BACKGROUND

Petitioner was charged with four counts of criminal sexual assault and eight counts of aggravated criminal sexual abuse for conduct with two minor girls who attended the church at which petitioner served as director of the "Kids Club." Pursuant to a negotiated plea agreement,[2]

---

[1] The court previously dismissed without prejudice both a petition for writ of habeas corpus and a "reinstated petitioner for writ of habeas corpus," because petitioner had failed to allege or demonstrate that his state court appeal or other state court proceedings challenging his conviction and sentence had concluded.

[2] A negotiated plea, as defined in Illinois Supreme Court Rule 604(d), is one in which "the prosecution has bound itself to recommend a specific sentence, or a specific range of

(continued...)

petitioner pleaded guilty to one count of criminal sexual assault and one count of aggravated criminal sexual abuse. Report of Proceedings, People v. Sherrod, Nos. 06 CR 19581091 and 06 CR 19582-01 (Cir. Ct. of Cook Cty. June 5, 2007) (transcript of proceedings before Schultz, J.). In accordance with the negotiated plea agreement, the court sentenced petitioner to five and a half years' imprisonment for each offense, to run concurrently. Id. at 7.

Represented by private counsel, petitioner filed a amended motion to withdraw his guilty plea. This motion argued that the court had accepted his plea in violation of Illinois Supreme Court Rule 402(c), which provides that the "court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." The state trial court denied petitioner's motion, finding that Rule 402(c) "was substantially complied with" because "Judge Schultz conducted a 402 conference[3] after admonishing the defendant properly about the conference, and in the conference learned the factual basis which caused him to ask the parties if they agreed or stipulated that the evidence was sufficient to support the pleas of guilty." Report of Proceedings, People v. Sherrod, Nos. 06 CR 19581091 and 06 CR 19582-01, at Y-24 (Cir. Ct. of Cook Cty. Feb. 26, 2008) (transcript of proceedings before Gainer, J.). In so ruling, the court relied on People v. Vinson, 683 N.E.2d 451 (Ill. App. Ct. 1997), which held that "Rule 402(c) is satisfied . . . if there is a basis anywhere in the record up to the entry of the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed the

---

[2](...continued)
sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending."

[3] A "402 conference" is a pretrial conference, pursuant to Illinois Supreme Court Rule 402(d)(2), at which the parties disclose to the trial court that they have reached a tentative plea agreement. This conference need not be held in open court or transcribed.

acts with the intent (if any) required to constitute the offense to which he is pleading guilty." Vinson, 683 N.E. at 821.

Acting pro se, petitioner appealed, but then moved to withdraw his appeal. The Illinois Appellate Court granted petitioner's motion to withdraw his appeal. Order, People v. Sherrod, Nos. 1-08-0762 & 1-08-0763 (Ill. App. Ct. June 23, 2008).

Petitioner next filed a pro se motion for relief from judgment, citing section 2-1401 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1401. This motion raised a variety of claims, including actual innocence and ineffective assistance of counsel. The state trial court construed the motion as a postconviction petition pursuant to 725 ILCS 5/122-1 et seq. In denying the motion, the court explained that "to the extent that this purports to be a Motion for Post Conviction Relief I find that it is patently frivolous and without merit to the extent it could be construed as some other motion." Report of Proceedings, People v. Sherrod, Nos. 06 CR 19581-82, at C-5 (Cir. Ct. of Cook Cty. Aug. 11, 2008) (transcript of proceedings before Schultz, J.).

Represented by the State Appellate Defender, petitioner appealed. The appeal raised three claims: (1) the state trial court failed to meaningfully review the claims in his motion for relief from judgment; (2) the court erred in dismissing that motion before the thirty-day period to answer or otherwise plead had expired; and (3) the court should have admonished him that it intended to interpret his motion as a postconviction petition and provided him an opportunity to withdraw or amend it, as required by People v. Shellstrom, 833 N.E.2d 863 (Ill. 2005).[4] The

---

[4] People v. Shellstrom, 833 N.E.2d 863 (Ill. 2005), held that before a trial court recharacterizes a motion brought under section 2-1401 as a first postconviction petition by a pro se litigant, the court is required to inform the litigant that: (1) the court intends to recast the pleading; (2) the recharacterization of the pleading as a postconviction petition means that any

(continued...)

3

State conceded that the trial court had failed to follow Shellstrom, and the Illinois Appellate Court accordingly vacated the trial court's denial of petitioner's section 2-1401 motion and remanded for that court to properly admonish petitioner. People v. Sherrod, No. 1-08-2539 (Ill. App. Ct. May 14, 2010).

Before the trial court had entertained petitioner's section 2-1401 motion on remand, petitioner filed a pro se petition for rehearing in the Illinois Appellate Court, raising one claim: petitioner's conviction was void because there was no factual basis for his plea. Pro Se Petition for Re-Hearing For Sherrod-Appellant, People v. Sherrod, Nos. 06 CR 19581 and 19582 (Ill. App. Ct. May 25, 2010). The court denied his petition. See Petition for Leave to Appeal, People v. Sherrod, 1-08-2539, at 1-2 (Ill. App. Ct. June 18, 2010) (referring to the Appellate Court's denial of the May 25, 2010, petition for rehearing). He then filed a pro se petition for leave to appeal in the Illinois Supreme Court, raising the same claim. Petitioner (again pro se) supplemented his petition to add a second claim: the trial court had violated petitioner's due process rights by imposing a two-year term of mandatory supervised release ("MSR"), which petitioner argued raised his sentence from five and a half to seven and a half years. The Illinois Supreme Court denied the PLA. People v. Sherrod, No. 110572 (Ill. Sept. 29, 2010).

After petitioner's PLA had been denied, the state trial court entertained his 2-1401 motion on remand. The court admonished petitioner that it intended to construe his motion as a postconviction petition. Docket Sheet, People v. Sherrod, No. 06 CR 19581, at 10 (Cook Cty.

---

[4](...continued)
subsequent postconviction petition will be subject to the restrictions on sucessive postconviction petitions; and (3) the litigant has the opportunity to withdraw his pleading or amend it to include all claims appropriate to a postconviction petition.

4

Cir. Ct.); Docket Sheet, People v. Sherrod, No. 06 CR 19582, at 10 (Cook Cty. Cir. Ct.). Petitioner has not yet amended or withdrawn his petition.

While his postconviction appeal was thus pending, petitioner filed two pro se motions in the Illinois Supreme Court: a motion for leave to file an original petition for a writ of habeas corpus, and a motion for leave to file a petition for a writ of mandamus. Both motions argued that the Illinois Department of Corrections had miscalculated petitioner's sentence and that he should have been released from prison and placed on mandatory supervised release. The Illinois Supreme Court denied both motions. Order, Sherrod v. Chandler, Nos. 12429 and 12430 (Ill. March 11, 2010).

Also while his postconviction appeal was pending, petitioner filed a pro se petition in this court pursuant to 28 U.S.C. § 2254, alleging that he had served his sentence and was entitled to immediate release. Dkt. 4 (Apr. 7, 2010). Petitioner argued that because of good conduct credits, he was required to serve only four years, eight months, and three days of his five and a half year sentence. He further argued that his MSR period should have been imposed instead of (and during) his final two years of prison, which would have limited his prison term to two years, eight months, and three days. Petitioner also requested an injunction "suspending him from registering as a sex-offend[er] & or being on MSR," arguing that his original conviction violated due process because there was no factual basis for his plea or evidence to support his conviction, and that he received ineffective assistance of counsel during the plea proceeding.

Respondent moved to dismiss the petition without prejudice for failure to exhaust state court remedies. Finding that petitioner had indeed failed to exhaust his state court remedies, this court dismissed the petition without prejudice and with leave to reinstate following petitioner's

5

state court appeal or other proceedings challenging his conviction and sentence. Dkt. 28 (July 21, 2010).

While his postconviction PLA was still pending, petitioner filed in this court a reinstated pro se petition for writ of habeas corpus. Dkt. 30 (Aug. 16, 2010). The court again dismissed the petition without prejudice and with leave to reinstate. Dkt. 33 (Aug. 24, 2010).

After the Illinois Supreme Court denied his postconviction PLA—but before any proceedings on remand in the state trial court—petitioner filed the instant amended habeas petition and requested that the court reinstate his habeas proceedings. Dkt. 57 (Nov. 5, 2010). The petition raises two claims: (1) because no factual basis was read into the record, petitioner's guilty plea was invalid; and (2) his MSR term should be served during, not after, his prison term. Petitioner then moved to withdraw the second claim. Dkt. 50 (Dec. 17, 2010). The court granted his motion. Dkt. 60 (Feb. 1, 2011).

After filing the instant petition, petitioner filed a number of pro se motions requesting an oral hearing, Fed. R. Civ. P. 11 sanctions against respondent, a directed verdict pursuant to Fed. R. Civ. P. 50(a), injunctive relief pursuant to Fed. R. Civ. P. 65 (and a motion to supplement that motion), and exhibits attached to respondent's answer.

## DISCUSSION

**I.    Petition for a Writ of Habeas Corpus**

Petitioner raises one claim in support of his habeas petition: the trial court violated his Fourteenth Amendment due process rights because there was no factual basis on the record to support his guilty plea. Petitioner has, however, failed to exhaust his state court remedies, and even if he had done so, his claim is meritless.

Despite petitioner's protestations that he completed one full appellate round and that further proceedings would be unnecessarily repetitive, it is undeniable that he has failed to present this claim in one complete round. The claim is thus unexhausted. 28 U.S.C. § 2254(b)(1)(a); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust his claim, petitioner must have given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. On direct appeal, petitioner failed to argue to the appellate court that his plea lacked a factual basis. Although he later made this argument in his petition for rehearing, it was at that point already forfeited. See Ill. Sup. Ct. R. 341(h)(7). Further, the Illinois Supreme Court was not presented with an opportunity to review the claim. Because the Illinois Appellate Court had, by vacating the trial court's ruling, substantially granted the relief petitioner sought, the other claims he had raised were at that point moot. Thus, the Illinois Supreme Court did not have an opportunity to review petitioner's claim that no factual basis supported his guilty plea.

This court cannot excuse that failure to exhaust, because petitioner has shown neither cause for the default and actual prejudice as a result of an alleged violation of federal law, nor that a fundamental miscarriage of justice will result if the court fails to consider the claim. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007) (describing cause and prejudice inquiry); Dellinger v. Brown, 301 F.3d 758, 767 (7th Cir. 2002) ("Fundamental miscarriage of justice . . . is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent."). Petitioner has

not argued that there was cause and prejudice regarding his decision to abandon his appeal of the denial of his motion to withdraw his plea or his failure to exhaust postconviction remedies. See Crockett v. Hulick, 542 F.3d 1183, 1193 (7th Cir. 2008) (court could not consider petitioner's claim when he failed to argue that his procedural default should be excused). Nor does the record reflect an adequate basis on which he could do so. Petitioner has not argued, nor does the record reflect a basis for him to argue, his actual innocence. Petitioner has thus failed to provide a reason to excuse his failure to exhaust his state court remedies.

Moreover, this claim fails on the merits. See 28 U.S.C. § 2254(b)(2). A federal habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The last state court to adjudicate this claim was the trial court, when it denied petitioner's amended motion to withdraw his guilty plea.

That decision was not contrary to or a unreasonable application of federal law as interpreted by the Supreme Court. The Constitution does not require that a factual basis for a guilty plea is on the record. "Putting a factual basis for the plea on the record has become familiar as a result of statutes and rules, not as a result of constitutional compulsion. The Constitution's standard 'was and remains whether the plea represents a voluntary and intelligent choice.'" Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993), quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970). While Illinois Supreme Court Rule 402(c) indeed requires state trial courts to determine that a factual basis exist, "[s]hortcomings in compliance with such

8

requirements do not entitle prisoners to collateral relief in federal court. On collateral attack, a silent record supports the judgment; the state receives the benefit of a presumption of regularity and all reasonable inferences." Higgason, 984 F.2d at 208. Consequently, even if the court were to find that the record contains no factual basis supporting petitioner's guilty plea, that would not be grounds for granting a writ of habeas corpus—petitioner would need to demonstrate that his guilty plea was involuntary. Because petitioner has not alleged that this is the case, the court cannot conclude that the state court's decision was contrary to or an unreasonable application of federal law.

Petitioner alleges that his claim is based on two Supreme Court cases, but the cases he cites do not establish that a guilty plea must be supported by a factual basis on the record. In Boykin v. Alabama, 395 U.S. 238, 244 (1969), the Court affirmed a finding of reversible error when the record did not show that the defendant voluntarily and knowingly entered his plea. McCarthy v. United States, 394 U.S. 459 (1969), held—explicitly not on constitutional grounds—that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11 [of the Federal Rules of Criminal Procedure, requiring federal courts to determine that a factual basis exists before entering judgment on a guilty plea]." Neither of these cases suggests a constitutional requirement that the record include a factual basis for a guilty plea.

Nor was the state court's decision based on an unreasonable factual determination. In fact, the record clearly reflects that petitioner was made aware of a factual basis for his guilty plea. The transcript from the state trial court hearing during which petitioner entered his guilty plea on June 5, 2007, reflects that both the State and petitioner's counsel stipulated that "there is a

sufficient factual basis to support each charge." Further, on May 24, 2006, the parties and the judge held a conference pursuant to Illinois Supreme Court Rule 402, in which they negotiated the terms of the plea. The transcript of the June 5 proceeding reflects that, at the Rule 402 conference, the parties and the court discussed the factual basis for the plea: "the matters were conferenced on May 24th where the court did learn of the factual basis . . . ." Finally, before entering judgment on petitioner's plea, the trial court also briefly described the charges to which petitioner was pleading guilty, based on the facts provided in the indictment. Based on this record, the state court's determination that petitioner was made aware of the factual basis for his plea was certainly not unreasonable.

In light of the reasonableness of the state court's finding that petitioner's guilty plea had a factual basis, and considering that the Supreme Court has never held that the Constitution requires a factual basis on the record to support a guilty plea, petitioner's claim is meritless.

## II. Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing that he was denied a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). When the court has denied a habeas claim on procedural grounds, it may issue a certificate of appealability only if the petitioner shows that jurists of reason would find it debatable whether, (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 485 (2000). This court cannot conclude that jurists of reason would find it debatable whether petitioner's claim is exhausted. See id. (explaining that courts should consider the procedural question before the

10

constitutional one). As discussed above, it is clear that petitioner did not present these claims through one full round of state review. Nor can the court conclude that reasonable jurists could debate whether petitioner's claim stated a valid constitutional claim; the law is quite clear that the Constitution does not require that the record include a factual basis for a plea. The court thus declines to certify any issues for appeal. See 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is denied, and petitioner's pending motions (Dkt. 62, 63, 67, 68, 70, 75, and 76) are denied as moot.

**ENTER:** April 19, 2011

_____
**Robert W. Gettleman
United States District Judge**